UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANICE MAEDER, TIM MAEDER, and
KREATIVE IMAGE WATERPROOFING,
INC., d/b/a Extreme Floors,

                              Plaintiff,

-vs-                                                    Case No.  3:14-cv-335-J-34PDB

TOM BUSH AUTO-PLEX, INC., TOM
BUSH VOLKSWAGEN, INC., TOM BUSH
MOTORS, INC., BUSH INDUSTRIES
CORP., and JOHN P. BUSH,

                              Defendants.

_____

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiffs'

Complaint (Doc. No. 11; Motion) filed on May 5, 2014.  Plaintiffs filed their response in

opposition to the Motion on May 14, 2014.  See Plaintiffs' Response to Defendants' Motion

to Dismiss (Doc. No. 14; Response).  Accordingly, the Motion is ripe for review.

## I.   Background Facts[1]

On March 24, 2014, Plaintiffs Janice Maeder, Tim Maeder, and Kreative

Waterproofing, Inc. (Kreative) filed the instant action against Defendants Tom Bush Auto-

Plex, Inc., Tom Bush Volkswagen, Inc., Tom Bush Motors, Inc., Bush Industries Corp., and

_____

[1]        In considering the Motion to Dismiss, the Court must accept all factual allegations in the
Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all
reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th
Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  As such, the facts
recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

John P. Bush (collectively Defendants).  <u>See</u> Complaint and Demand for Jury Trial (Doc. No. 1; Complaint).  In their Complaint, Plaintiffs allege that Defendants requested bids to restore and repair floors at different facilities, and in response, on or about June 19, 2013, Plaintiffs submitted two bids.  <u>See</u> <u>id.</u> ¶10.  Shortly thereafter, on June 23, 2013, Plaintiffs allege that they submitted two alternative bids for the same services at a lower cost.  <u>See</u> <u>id.</u> ¶11. When Plaintiffs followed up with Steve Kick, Defendants' representative, he informed them by e-mail that Defendants had given the contracts to another company.  <u>See</u> <u>id.</u> ¶¶12-13. When Plaintiffs asked if their bids were not accepted based on cost, "Defendants reply stated that cost was not an issue, rather they 'really didn't like' Plaintiffs' company was showing itself as a minority woman owned business."  <u>Id.</u> ¶¶14-15.  Plaintiffs allege that Plaintiff Janice Maeder is an African-American female.  <u>Id.</u> ¶3.

Based on Defendants' failure to award Plaintiffs the contracts, and the statement which Plaintiffs allege indicates that race and gender were a significant if not determining factor in such failure, Plaintiffs filed the instant action.  <u>See</u> <u>id.</u> ¶16.  Plaintiffs assert claims of willful discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u> <u>seq.</u> (Count One), illegal infringement on Plaintiffs' ability to contract for and obtain employment free of racial discrimination in violation of 42 U.S.C. § 1981 (Count Two), and discrimination based on race and gender in violation of the Florida Civil Rights Act of 1992 (FCRA) (Count Three).  Defendants now move to dismiss the Complaint, arguing that it does not meet the requirements of Rule 8 because it does not contain specific allegations by each Plaintiff against each Defendant and the basis for Plaintiffs' claims is indecipherable.  <u>See</u> Motion at 4-5.  Defendants further contend that the Complaint should

be dismissed because: it fails to allege sufficient facts to state a cause of action as to all three counts; Defendant John Bush cannot be held liable as an individual as to Counts One and Three; there are no factual allegations that Defendant Bush personally participated in any discrimination as to Count Two; and business entities such as Plaintiff Kreative cannot be the subject of racial discrimination as to all three counts. See id. at 5-13.  Plaintiffs oppose the motion and argue that their Complaint states causes of action for all three of the their claims. See generally Response.

## II.    Standard of Review

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680-81. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## III.   Discussion

### A.   Title VII and the FCRA

Title VII provides "that it is unlawful for an employer 'to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Holifield v. Reno, 115 F.3d 1555, 1561 (11th Cir. 1997) (quoting 42 U.S.C. §§ 2000e-2(a)(1)). While the statute does not define "any individual," in the Eleventh Circuit and elsewhere, "only those plaintiffs who are 'employees' may bring a Title VII suit." Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1242-43 (11th Cir. 1998). Moreover, the Eleventh Circuit has

recognized "[e]mployment must be distinguished from the independent contractual associations of business entities for the latter are not covered by Title VII." Cobb v. Sun Papers, Inc., 673 F.2d 337, 340 (11th Cir. 1982) (quoting Mathis v. Standard Brands Chem. Indus., Inc., 10 F.E.P. 295, 297 (N.D. Ga. 1975)).  Notably, with respect to the FCRA, "Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII." Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998); see also Castleberry v. Edward M. Chadbourne, Inc., 810 So. 2d 1028, 1030 n.3 (Fla. 1st DCA 2002) ("The Florida Civil Rights Act is patterned after Title VII, and therefore federal case law regarding Title VII is applicable.").  Thus, a plaintiff who is unable to maintain a claim under Title VII is equally unable to maintain a claim based on the same conduct under the FCRA. See Harper, 139 F.3d at 1387, 1389-90.

In this case, Defendants argue that Plaintiffs cannot maintain Title VII or FCRA claims because they do not allege an employment relationship between the parties but instead merely a bid to provide flooring services as an independent contractor or vendor.  See Motion at 6-7.  Plaintiffs state that they "do not dispute that Title VII and FCRA protections do not extend to parties that are in an established independent contractor relationship as a matter of law." Response at 4.  However, Plaintiffs contend that applications for employment are subject to Title VII and the FCRA, and the determination of the legal nature of the employment Plaintiffs were seeking should be made at the summary judgment stage of the proceedings following discovery.  See id. at 6-8.

Plaintiffs' arguments are without merit.  While Plaintiffs may be correct that Title VII and the FCRA apply to racial discrimination in hiring, the allegations in Plaintiffs' Complaint belie any contention that Plaintiffs were seeking employment with Defendants in submitting their contract bids.  The Complaint reflects that Plaintiffs, one of whom is a corporation, were seeking a contractual relationship with Defendants to provide floor restoration and repair services.  This type of relationship is nothing more than a contractual association between businesses and not covered under either Title VII or the FCRA.  See Cobb, 673 F.2d at 340. Without need of any discovery, taking Plaintiffs' allegations as true, the Court can determine that Plaintiffs, as potential contractors, were seeking an independent contractor relationship with Defendants.[2]  Because Plaintiffs have not alleged that they were employees of

---

[2]      The Eleventh Circuit follows "the 'economic realities' test to determine whether a Title VII plaintiff is an employee." Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1234 (11th Cir. 2004) (citing Cobb, 673 F.2d at 340-41. "Under this test, the term 'employee' is 'construed in light of general common law concepts' and 'should take into account the economic realities of the situation,' 'viewed in light of the common law principles of agency and the right of the employer to control the employee.'" Id. (citing Cobb, 673 F.2d at 340-41).  Some of the relevant factors to take into consideration include:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

Cobb, 673 F.2d at 340 (quoting Spirides v. Reinhardt, 613 F.2d 826, 832 (D.C. Cir. 1979)).  By definition, contractors work on the particular project for which they have a contract.  They bring their own staff and equipment without approval from the other party to the contract and are paid for the completion of the work, upon which the relationship between the parties is terminated in the absence of any additional contract.  Plaintiffs' conclusory allegations do not transform their bids for contracts into employment applications.  Therefore, the Court concludes from the face of the Complaint that Plaintiffs were seeking an independent contractor relationship and cannot maintain a Title VII or FCRA claim.

Defendants or that they were seeking an employment relationship with Defendants, Plaintiffs have not stated a claim plausible on its face upon which relief can be granted under either Title VII or the FCRA.   Thus, Counts One and Three of the Complaint are due to be dismissed.[3]

### B.   Section 1981

While in an employment context, § 1981 and Title VII have the same analytical framework, Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 843 n.11 (11th Cir. 2000), "section 1981 and Title VII are not coextensive in coverage." Parr v. Woodmen of the World Life Ins. Co., 791 F.2d 888, 890 (11th Cir. 1986) (citing Johnson v. Railway Express Agency, 421 U.S. 454, 460 (1975)).   "Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." Ferrill v. Parker Grp., Inc., 168 F.3d 468, 472 (11th Cir. 1999).   As discussed above, Plaintiffs do not allege that they were seeking a contractual employment relationship.   Instead, Plaintiffs allege that Defendants failed to award Plaintiffs certain contracts on the basis of race.   "Disappointed bidders are at the core of Section 1981's protection:   Section 1981 is a protection against an entity . . . declining to make a contract with a party . . . on account of race." Webster v. Fulton Cnty., Ga., 283 F.3d 1254, 1257 (11th Cir. 2002).   In the non-employment context, to state a claim for race discrimination under § 1981, a plaintiff must allege that:   "(1) he [or she] is a member of a racial minority,

---

[3]      Because the Court concludes that Plaintiffs cannot maintain their Title VII and FCRA claims against Defendants based on the lack of an employment relationship, the Court need not address Defendants' remaining arguments as to the sufficiency of these claims.

(2) the defendant intended to racially discriminate against him [or her], and (3) the discrimination concerned one or more of the activities enumerated in the statute." Jimenez v. Wellstar Health Sys., 596 F.3d 1304, 1308 (11th Cir. 2010). One of the rights enumerated in the statute is the making of contracts. See 42 U.S.C. § 1981.[4] As the Supreme Court explained, § 1981 "offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006).

Although Defendants raise several grounds for dismissal of Plaintiffs' 1981 claim, including whether Plaintiffs Tim Maeder and Kreative can establish that they are members of a racial minority, the Court finds Defendants' argument that Plaintiffs have failed to

---

[4]     Section 1981 provides:

(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other.

(b) "Make and enforce contracts' defined
For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

(c) Protection against impairment
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981 (2013).

sufficiently allege intentional discrimination to be dispositive.  Defendants contend that Plaintiffs' allegation as to purposeful discrimination is a statement by an unidentified source not attributable to any particular Defendant.  <u>See</u> Motion at 9.  Plaintiffs bring their 1981 claim against four different corporations and one individual without making any specific allegations as to the conduct of any of these Defendants.  <u>See generally</u> Complaint.  Liability under § 1981 is premised on personal involvement of a defendant and cannot be imposed vicariously.  <u>Jerome v. Hertz Corp.</u>, 15 F. Supp. 3d 1225, 1233 (M.D. Fla. 2014).  Moreover, while an individual defendant can be held personally liable under § 1981, <u>see</u> <u>Faraca v. Clements</u>, 506 F.2d 956, 959-60 (5th Cir. 1975),[5] to do so "a plaintiff must demonstrate 'some affirmative link to causally connect the actor with the discriminatory action.'" <u>Whidbee v. Garzarelli Food Specialties, Inc.</u>, 223 F.3d 62, 75 (2d Cir. 2000) (quoting <u>Allen v. Denver Pub. Sch. Bd.</u>, 928 F.2d 978, 983 (10th Cir. 1991), <u>overruled on other grounds</u>, <u>Kendrick v. Penske Transp. Servs., Inc.</u>, 220 F.3d 1220, 1228 (10th Cir. 2000)); <u>see also</u> <u>Crawley v. Paskert-Johnson Co.</u>, No. 8:07-cv-1789-T-23TGW, 2008 WL 4793650, at *1 (M.D. Fla. Nov. 3, 2008) (same).  Thus, "'[a] claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement.'" <u>Whidbee</u>, 223 F.3d at 75 (quoting <u>Allen</u>, 928 F.2d at 983); <u>see also</u> <u>Crawley</u>, 2008 WL 4793650, at *1 (same); <u>Jerome</u>, 15 F. Supp. 3d at 1234 ("[A] plaintiff cannot bring a cause of action pursuant to Section 1981 against an individual not personally involved.").

_____

[5]     In <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In the Complaint, Plaintiffs allege that "Defendants are an employer" as defined in Title VII and the FCRA, and that "Defendants include a corporation and an individual . . ." Complaint ¶¶ 4-5. Plaintiffs do not identify to which Defendant(s) Plaintiffs submitted their bids, which Defendant(s) made the decision to award the contracts to another company, or which Defendant(s) employed Steve Kick. Significantly, Plaintiffs do not identify the person who allegedly stated that "they" did not like Plaintiff Kreative showing itself as a minority owned business or the employer of that person. As to the individual Defendant, John Bush, Plaintiffs do not even identify how he is affiliated with one or any of the corporate Defendants, much less how he has personally discriminated against Plaintiffs. <u>See generally</u> Complaint.[6] Based on the lack of allegations of intentional discrimination as to each Defendant, the Court concludes that Plaintiffs have failed to state a § 1981 claim against Defendants. Thus, Count Two of the Complaint is due to be dismissed along with Counts One and Three.[7]

---

[6]     In their Response, Plaintiffs state that they are not seeking to hold Defendant John Bush individually liable, but "[r]ather, as the sole human defendant making the discriminatory decision on behalf of the Defendants as a group, he is liable in his official capacity." Response at 8-9. The problem with this argument is that nowhere in the Complaint do Plaintiffs allege what office Defendant John Bush holds or what decision(s) he made.

[7]     Although Plaintiffs attempted to seek leave to amend their Complaint as an alternative to dismissal, the Court denied the request as not properly before the Court and directed Plaintiffs to file an appropriate motion if they so desired. <u>See</u> Order (Doc. No. 18). Plaintiffs, who are represented by counsel, did not file a motion for leave to amend, and the Court declines to permit them an additional opportunity to do so given the failure to suggest any facts that might support a viable claim. <u>See</u> <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

**IV.     Conclusion**

In light of the foregoing, the Court determines that Plaintiffs' Complaint is due to be dismissed in its entirety with prejudice.  Therefore, the Court will grant Defendants' Motion. Accordingly, it is **ORDERED:**

1.     Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. No. 11) is **GRANTED**.

2.     The Complaint and Demand for Jury Trial (Doc. No. 1) is **DISMISSED**.

3.     The Clerk of the Court is directed to terminate any pending motions or deadlines and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of March, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record

11